UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

FREDERICK JELOVSEK           )
                             )
v.                           )    NO. 2:05-CV-181
                             )
PHIL BREDESEN, *ET AL.*      )


## MEMORANDUM OPINION

This matter is before the Court to address the motion to dismiss filed by the defendants. [Doc. 7]. The plaintiff brought this action seeking a declaratory judgment that certain provisions of the *Tennessee Code*[1] regulating the sale shipment of wine are in violation of the Commerce Clause of the United States Constitution.

The plaintiff asserts that he is a oenophile, who wishes to purchase wine from out-of-state vendors for shipment to his residence in Tennessee. Plaintiff submits that the Tennessee Code provisions discriminate against out-of-state wineries and vendors by permitting in-state wineries to sell wine directly to Tennessee consumers while requiring out-of-state vendors to sell wine in Tennessee only by engaging in the three tier distribution system, whereby separate licenses are required for producers, wholesalers and

---

[1] Tenn. Code Ann. §§ 57-2-104, 57-2-203, 57-2-204, 57-2-205, 57-3-207, 57-3-304, 57-3-401 57-3-402 and, 57-3-411.

retailers, which licenses may only be acquired by Tennessee residents.

A motion to dismiss under *Fed. R. Civ. P.* 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.), *cert. denied,* 498 U.S. 867 (1990); *see also Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994). The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990); *Miller v Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller*, 50 F.3d at 377. However, the complaint must articulate more than a base assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

The defendants assert that the plaintiff has failed to state a claim upon which relief may be granted pursuant to *Fed. R. Civ. P.* 12(b)(6). The defendants' motion is predicated upon their argument that the plaintiff, as a mere consumer, lacks standing to challenge the license requirements and that Tennessee's ban on the direct shipment of

2

wine is consistent with its authority under the Twenty First Amendment.

The defendants' standing argument is premised on its contention that the plaintiff merely sets forth a generalized grievance, and he cannot demonstrate that he has suffered injury in fact. The plaintiff asserts that he has suffered an injury in that the Tennessee statutes limit his ability to purchase wine from retailers and vendors that are effectively excluded from the Tennessee market.

Notably, several cases exist in which consumers of alcoholic beverages have challenged similar restrictions on the sale of alcoholic beverages by out-of-state wineries in other states. *See e.g. Beskind v. Easley*, 325 F. 3d 506 (4th Cir. 2003); *Dickerson v. Bailey*, 336 F. 3d 388 (5th Cir. 2003); *Heald v. Engler*, 342 F. 3d 517 (*affirmed by Granholm v. Heald*, 541 U.S. 1062, 124 S. Ct. 2389 (2005). While in each of those cases there is no indication that the standing of those consumers was raised, the issue of standing is one which the Court would have been required to raise in those cases *sua sponte*.

In order to establish standing in a case involving a constitutional claim, the plaintiff must meet two requirements: "first, it must meet basic Article III constitutional requirements; and second, the plaintiff's injury must fall within the 'zone of interests' protected by the constitutional guarantee." *Huish Detergents, Inc. v. Warren County, KY*, 214 F. 3d 707, 710 (6th Cir. 2000). To establish the first requirement, the plaintiff must demonstrate:

3

(1) An injury in fact that is actual or threatened;
(2) Causal connection between the defendants' conduct and the alleged injuries; and
(3) A substantial likelihood that the injury will be redressed by a favorable decision.

*Id.*

During the pleading stage of the proceedings, general factual allegations of injury are sufficient. Like the plaintiff in *Huish*, this Court finds that this plaintiff's mere status as a consumer does not mean that he has not set forth a cognizable claim, since the plaintiff, through the alleged restrictions on interstate commerce, is forced to either pay more for wines than he might were there other competition, or is simply unable to acquire the wines which he might otherwise acquire. Thus it is clear that an actual injury, causally connected to a restraint on trade is alleged, which may be redressed if the enforcement of the statutes is enjoined. Further, while the interest of the vendors and retailers might be more apparent, the plaintiff's interest to purchase a product across state boundaries falls within the zone of interest protected by the Commerce Clause. *Id.* Accordingly, the Court finds that the plaintiff has adequately pled sufficient allegations to establish his standing.

Defendants assert that even if the plaintiff has standing, he has failed to state a claim upon which relief can be granted, insisting that Tennessee's residency requirements in the three tier system, and other limitations on the shipment of wine fall within its legitimate authority permitted by the Twenty First Amendment.

4

"The Twenty First Amendment grants the states virtually complete control over whether to permit importation or sale of liquor and how to structure the liquor distribution system." *California Retail Liquor Dealers Assn. v. Midcal Aluminum, Inc.*, 445 U.S. 97, 110, 100 S. Ct. 937. However, a state's regulation of alcohol is tempered by the non-discrimination principles of the Commerce Clause. *Bacchus Imports, Ltd. v. Dias*, 468 U. S. 263, 276, 104 S. Ct. 3049 (1984). "State policies are protected under the Twenty First Amendment when they treat liquor produced out-of-state the same as its domestic equivalent." *Granholm v. Heald*, 541 U.S. 1062, 125 S. Ct. 1885, 1905 (2005).

If it is determined that the Tennessee statutes are in violation of the Commerce Clause, the Court must then go on to "consider whether either State regime 'advances a legitimate local purpose that cannot be adequately served by reasonable non-discriminatory alternatives.'" *Id.* (citing to *New Energy Co. of Ind. v. Limbach.,* 486 U.S. 269, 278). At this stage of the proceedings, the Court must accept the allegations stated in the plaintiff's complaint. Further, at the hearing held before this Court, the parties agreed that resolution of the defendants' motion to dismiss in the plaintiff's favor would not be determinative of the constitutionality of the Tennessee statutes.

Accepting the plaintiff's allegations as true, the Court is confronted with a statutory scheme which appears to have certain residency requirements which might make it more difficult for out-of-state individuals and corporations to enter the business of producing or selling wine than a resident of Tennessee and which make it more difficult

5

for an out-of-state producer or retailer of wine to sell to a Tennessee resident for consumption within the State of Tennessee than for an in- state retailer or producer. These provisions on their face, appear to give favor to an in-state producer of wine in the sale of wine directly to consumers. All of this arguably serves to limit competition in the wine industry in this state, limiting choice in the selection of wines, limiting competition, and potentially driving up prices, assuming, as alleged by the plaintiff in his complaint, that there are out-of-state producers, wholesalers, and retailers of wine who stand ready, willing, and able to enter the Tennessee market, but for the statutory provisions standing in their way.

Accordingly, it is the opinion of this Court that the plaintiff has sufficiently set forth a claim upon which relief may be sought. Upon the filing of an answer by the defendant, the Clerk is **DIRECTED** to set a scheduling conference.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

6

Case 2:05-cv-00181   Document 15   Filed 06/16/06   Page 6 of 6   PageID #: 6